Memorandum. The judgment appealed from is reversed and the order of Special Term granting defendants’ motion for *953 summary judgment and denying plaintiffs’ cross motion for summary judgment is reinstated.
The notice calling for the public auction at which Frank Orelli made his bid stated that "[t]he Town, at its option, may cancel the sale at any time before the actual delivery of the deed”. When the town board, acting at a time before the closing of the sale or delivery of the deed had taken place, rescinded its earlier resolution authorizing the acceptance of the Orelli bid, it was doing so within the clear letter of that language. It is important that the contemplated sale was not one between private parties. The public interest required the board to secure the most beneficial terms for the sale of the town’s property in order to lessen the possibility of extravagance, fraud or favoritism (10 McQuillin, Municipal Corporations, § 28.44, p 137). The board’s exercise of its option to cancel when it learned that another prospective buyer was ready to pay a considerably higher price for the property was consistent with that obligation. (See Min-Lee Assoc. v City of New York, 28 AD2d 553, affd 27 NY2d 790.)
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Judgment reversed, without costs, and the order of Supreme Court, Suffolk County, reinstated in a memorandum.